IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON ANTHONY THOMPSON,<br>*Petitioner*,<br>v.<br>LEONARD ODDO,<br>*Respondent*. | Civil Action No. 3:26-cv-780<br>Hon. William S. Stickman IV |

**ORDER OF COURT**

On July 10, 2025, Petitioner had a bond hearing. (ECF No. 7-3). The immigration judge denied bond finding he was a danger to the community. Although Petitioner reserved his right to appeal this denial, he did not do. On October 26, 2025, Petitioner was ordered removed from the United States. (ECF No. 7-4). On November 5, 2025, he appealed that decision, and his appeal is pending with the Board of Immigration Appeals. (ECF Nos. 7-5 and 7-5).

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus on May 4, 2026, and he takes issue with the fact that he was denied bond by the immigration judge. He moves for his release or a new bond hearing. (ECF No. 3). 8 U.S.C. § 1226(e) provides, in relevant part, that no court may set aside any action or decision regarding detention or release of any alien. This divests district courts of the jurisdiction to reexamine the bond decisions of immigration judges. Nevertheless, two (unpublished) decisions of the United States Court of Appeals for the Third Circuit have held that a district court may examine an alien's bond hearing to determine whether it fell below the minimum standards of due process. *See Quinteras v. Warden Pike Cty. Corr. Fac.*, 784 F. App'x 75 (3d Cir. 2019); *Ghanem v. Warden Essex Cty. Corr. Fac.*, 2022 WL 574624 (3d Cir. 2022).

There is no question that Petitioner received a bond hearing. There is, likewise, no question that the stated reason for denial of bond was that he poses a danger to the community. This determination is unreviewable under 8 U.S.C. § 1226(e). Nothing before the Court plausibly creates any inference that the bond hearing Petitioner received was procedurally deficient or otherwise violated due process. He was not deprived of a fundamentally fair bond hearing.

AND NOW, this 18th day of June 2026, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 3) is DENIED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE